UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 1 4 2008

**Clerk, U.S. District and
Bankruptcy Courts**

| | |
|---|---|
| Kareemah Bell-Boston, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Harriet Tubman Woman's 12-Hour | ) |
| Low Barrier Shelter, | ) |
| | ) |
| Defendant. | ) |

Civil Action No. **08 1962**

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed

*in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack

of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available

only when a "federal question" is presented or the parties are of diverse citizenship and the

amount in controversy exceeds $75,000. A party seeking relief in the district court must at least

plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to

plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a homeless individual in Washington, D.C., sues a women's shelter in the

District of Columbia. She seeks a trial by "a panel of judges" on whether her "living situation

[is] d[y]sfunctional." Compl. at 1. The complaint does not allege a violation of either the

Constitution or federal law, nor does it provide a basis for diversity jurisdiction inasmuch as

plaintiff has not demanded any amount of monetary damages and the parties are not of diverse

3

citizenship.  Accordingly, the complaint will be dismissed by separate Order issued

contemporaneously.

Date: October ___ , 2008

United States District Judge